Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Martin Sheldon*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN SHELDON, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff(s),<br><br>     vs.<br><br>ALL THINGS INSURANCE GROUP LLC,<br><br>                              Defendant(s). | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

- 1 -
CLASS ACTION COMPLAINT

# CLASS ACTION COMPLAINT

1. Plaintiff MARTIN SHELDON ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against Defendant ALL THINGS INSURANCE GROUP LLC, ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA"), and related regulations, thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

3. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA") and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls using a pre-recorded and/or artificial voice without their consent. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

4. Defendant made an unauthorized telephone call to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

5. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

6. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring (a) Defendant to cease all unsolicited artificial and prerecorded voice phone calls, as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

8. The Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District, Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

10. Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its principal place of business being in this District, its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## PARTIES

11. Plaintiff is a natural person who resides in Franklin, North Carolina.

12. Defendant is a corporation with its headquarters at 3225 McLeod Dr. Suite 100, Las Vegas, Nevada, 89121. Plaintiff further alleges that, at all times relevant, Defendant conducted business within the state of Nevada and in this Judicial District.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant's registered agent for service of process as it was reported to the North Carolina Secretary of State is as follows: Anderson Registered Agents, Inc. at 8480 Honeycutt Rd Ste 200-V88, Raleigh, NC 27615.

15. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time

such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## LEGAL BASIS FOR THE CLAIMS

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

17. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment, as well as violations of the TCPA's National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).[1] The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, auto dialers, and voice messaging systems–principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

18. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

19. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-

---

[1] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on January 19, 2024: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

- 4 -
CLASS ACTION COMPLAINT

recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

20. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[2] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.
- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibit solicitations to residences that use an artificial voice or a recording.
- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.
- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibit autodialed calls that engage two or more lines of a multi-line business.
- Prohibit unsolicited advertising faxes.

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

- Prohibit certain calls to members of the National Do-Not Call Registry.

21. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

22. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

23. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id*. Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

24. Defendant provides insurance to consumers throughout the country, including within this District.

25. In Defendant's overzealous attempt to market its services, however, Defendant willfully and/or knowingly made (and continues to make) (a) unsolicited telemarketing phone calls utilizing an artificial and/or pre-recorded message

without the prior express written consent of the call recipients.

26. Through this conduct, Defendant has invaded the privacy of Plaintiff and members of the Class.

## FACTUAL BACKGROUND AS TO PLAINTIFF

27. At all times relevant, Plaintiff was a citizen of the State of North Carolina. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

28. Defendant is, and at all times mentioned herein was, a Corporation and a "person," as defined by 47 U.S.C. § 153(39).

29. At all times relevant Defendant principal place of address, 3225 McLeod Dr Suite 100 Las Vegas, NV 89121, is within this judicial district.

30. At all times relevant Defendant conducted business in the State of Nevada and in the County of Nevada, within this judicial district.

31. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in 1358 ("Cell Phone").

32. Plaintiff is the sole user and/or subscriber of his Cell Phone and is financially responsible for phone service to Plaintiff's Cell Phone.

33. Plaintiff's Cell Phone is assigned to his personal cellular telephone.

34. At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell Phone to Defendant through any medium.

35. At no time did Plaintiff ever enter in a business relationship with Defendant.

36. At no point in time did Plaintiff provide Defendant with express written consent to be contacted for marketing purposes.

37. On September 20, 2023, Plaintiff received a call to his Cell Phone from 336-592-8109 with a pre-recorded message, as defined by 47 U.S.C. 227(a)(1).

38. Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

39. The pre-recorded agent asked Plaintiff for their age.

40. After the pre-recorded message and questions were played, an agent, calling himself "Devon Allen," appeared on the telephone line.

41. Devon then provided Defendant's website and provided Plaintiff with a call back number for Defendant.

42. Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

43. When Plaintiff listened to the message at the outset of the call, Plaintiff was able to determine that it was a prerecorded message and that he was not speaking to a live representative. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being or is instead being subjected to a prerecorded message.").

44. It was evident to Plaintiff that the voice he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (b) the tone, cadence, and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

45. Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and Plaintiff can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

46. Based on the Plaintiff's own personal experience, the voice message received from Defendant clearly sounded like a pre-recorded voice message.

47. Upon information and belief, Defendant did not make the telephone solicitations in error.

48. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

## LEGAL CLAIMS

49. Defendant's calls to Plaintiff's Cell Phone were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

50. Plaintiff did not provide Defendant "prior express written consent" to receive telemarketing calls to Plaintiff's cellular telephone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

51. Plaintiff also did not provide regular "prior express consent" to receive any prerecorded call from Defendant.

52. The unwanted telephone call Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

53. Plaintiff has reason to believe that Defendant has called thousands of wireless telephone customers with pre-recorded messages to market its products and services without prior express written consent and/or after consumers revoked their consent in a reasonable manner.

54. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

55. On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls.

## STANDING

56. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is

traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *The "Injury in Fact" Prong*

57. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

58. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant placed a call to Plaintiff's cellular telephone, using a pre-recorded message. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

59. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543.  In this case, Defendant invaded Plaintiff's privacy and peace by calling Plaintiff's cellular telephone and did this with the use of a pre-recorded message.  Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time opening and answering the telephone calls. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

### *The "Traceable to the Conduct of Defendant" Prong*

60. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

61. The above phone calls were directly and explicitly linked to Defendant. Defendant's telephone calls identified the Defendant as "All Things Insurance Group" the party that attempted to solicit business from Plaintiff. After the prerecorded message, Defendant's agent confirmed Defendant's name and its

- 10 -
CLASS ACTION COMPLAINT

website address. These telephone calls are the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that his injuries are traceable to the conduct of Defendant.

***The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

62. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

63. In the present case, Plaintiff's Request for Relief includes a request for damages for each telephone call made by Defendant with a pre-recorded message, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and the members of the putative class.

64. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

65. Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following classes, which are defined is follows:

> All persons within the United States (1) whom received any telephone call/s from Defendant, its employees and/or agents, (2) for the purpose promoting Defendant's goods or services, (3) to said person's cellular telephone (4) made through the use of an artificial or prerecorded voice and (5) without prior express consent in writing from said person to receive such calls (6) within the four years prior to the filing of this action.

66. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

67. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.
68. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class *via* their cellular telephones using an artificial and/or pre-recorded voice, thereby causing annoyance to Plaintiff and the Class, and also invading the privacy of Plaintiff and the Class.
69. The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable. Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.
70. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.
71. Common questions for the Class include, without limitation:
    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed marketing calls to cellular telephone numbers;
    b. Whether Defendant made phone calls to consumers using an artificial or pre-recorded voice to any telephone number assigned to a cellular phone service;
    c. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;
    d. Whether Defendant's conduct violated the TCPA;
    e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
    f. Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct; and

g. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

72. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff received from Defendant or its agent (a) at least one pre-recorded call for marketing purposes without prior express written consent.

73. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

74. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

75. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

76. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions, including claims involving violations of the Telephone Consumer Protection Act.

77. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

78. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with

CLASS ACTION COMPLAINT

respect to the Class as a whole.

79. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

80. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

81. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

82. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

83. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

84. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

85. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227, ET SEQ.**

86. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

87. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

88. Defendant made unsolicited and unauthorized calls to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class.

89. Defendant made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

90. Defendant knew or should have known that it did not have prior express written consent to make these calls and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

91. Defendant negligently, willfully, and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls to Plaintiff and the Class.

92. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

93. Defendant's conduct invaded Plaintiff's privacy.

94. Defendant's conduct was negligent, willful or knowing.

95. As a result of Defendant's violations, Plaintiff and each of the Class Members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and an award of $1,500.00 in statutory damages for each and every willing or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

96. Plaintiff and the Class are also entitled to and seek injunctive relief, pursuant to 47

U.S.C. § 227(c)(5)(A), prohibiting such conduct in the future.

97. Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests the following relief:

- An order certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as Class Counsel.
- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
- Statutory damages of $500.00 for Plaintiff and each member the Class for each and every one of Defendant's violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendant's willful or knowing violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(C);
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

98. Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues so triable.

DATED: April 3, 2024                                       Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Gustavo Ponce
GUSTAVO PONCE, ESQ.
MONA AMINI, ESQ.
6787 W. TROPICANA AVE., STE 250
LAS VEGAS, NV 89103
*Attorneys for Plaintiff*